UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALVIN-EDWARD ANDERSON, JR.

              Petitioner,

v.                                                Case No. 1:07-cv-176

THOMAS K. BELL,                         Hon. Wendell A. Miles

              Respondent.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
 REPORT AND RECOMMENDATION

      This matter is before the court on Petitioner John Alvin-Edward Anderson, Jr.'s

Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation

(R&R) dated June 13, 2007, recommending that Petitioner's petition for writ of habeas corpus be

denied because the grounds he raises for habeas relief have no merit.  Petitioner has filed

objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections

and adopts the Magistrate Judge's report and recommendation.

      This court is required to make a de novo review upon the record of those portions of the

R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1)(B).  The court may

accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

      Petitioner was convicted pursuant to his guilty plea of third-degree criminal sexual

assault and third-degree attempted criminal sexual conduct.  He is presently serving terms of

incarceration of 120-180 months and 40-60 months.  Petitioner claims that he is entitled to

habeas corpus relief because, when determining Petitioner's sentence, the trial court erred by incorrectly scoring certain offense variables, which caused his minimum sentence to be increased.  He also claims that his rights were violated when the trial court determined his sentence by considering facts that were neither found by a jury nor admitted by Petitioner.  The Magistrate Judge found that Petitioner's constitutional rights were not violated because his sentence fell within the parameters of Michigan's indeterminate sentencing scheme.  Petitioner argues that his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004).

To the extent that Petitioner is challenging the scoring of his offense variables under state law, he is not entitled to federal habeas relief. "[A] state court's interpretation of state law . . . binds a federal court sitting on habeas review."  Bradshaw v. Richey, 546 U.S. 74, 76 (2005); see also, Hutto v. Davis, 454 US 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); Austin v. Jackson, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); Thomas v. Foltz, 654 F.Supp. 105, 106-07 (E.D. Mich. 1987) (where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, the claim is not cognizable on habeas review; Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (federal courts cannot review a state court's alleged failure to adhere to its own sentencing procedures).

Petitioner's primary argument is that he is entitled to habeas relief because the trial court increased his sentence by relying on facts not found by a jury or admitted by Petitioner.  This, he argues, violates the Supreme Court's holding in Blakely v. Washington, 543 U.S. 296 (2004).

The Magistrate Judge correctly explained the law regarding Blakely's application to Michigan sentencing law.   In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that **increases the penalty for a crime beyond the prescribed statutory maximum** must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added).  In Blakely, the Supreme Court addressed the state of Washington's determinate sentencing scheme under which the sentencing court was permitted to exceed the maximum sentence if the court found facts that it concluded would warrant an elevated sentence.  The Blakely court found that Washington's scheme was unconstitutional.  Under Michigan's indeterminate sentencing scheme, the trial court determines a minimum sentence based on sentencing guidelines, but may never exceed the maximum sentence set by law.  With regard to indeterminate sentencing schemes, the Blakely court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty.

Id. at 308.  Because the maximum sentence in Michigan is established by statute and cannot be extended by the sentencing judge, Michigan's sentencing scheme does not infringe on the province of the jury, and therefore, does not violate the Sixth Amendment or the holdings in Apprendi or Blakely.

Petitioner, however, contends that the language  "prescribed statutory maximum" used in Apprendi and reiterated in Blakely should be defined as the prescribed amount of time a person will be incarcerated before being eligible for release.  Under this definition, Petitioner's

"prescribed statutory maximum" time was extended when the judge increased his minimum sentence based on an erroneous calculation of offense variables.  However, there is no Supreme Court authority requiring a jury to find facts that are not elements of the crime of conviction, even though those facts lead to the imposition of a particular minimum sentence.  Because there is no constitutional right to individualized sentencing, <u>United States v. Thomas</u>, 49 F.3d 253, 261 (6th Cir. 1995), a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations."  <u>Doyle v. Scutt</u>, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

The court has also reviewed Petitioner's letter dated June 20, 2007 (docket #8), explaining factors that he contends make his continued incarceration inequitable.  However, this court's authority to grant a petition for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction is limited to determining whether the decision of the state's highest appellate court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  Accordingly, the court may not consider the contents of Petitioner's letter when determining the merits of his petition for writ of habeas corpus.

<u>Conclusion</u>

The court, having reviewed the Magistrate Judge's Report and Recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and

agrees with the reasoning and recommended disposition contained in the Report and

Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket # 7), ADOPTS

the Magistrate Judge's Report and Recommendation (docket. # 6), and DISMISSES the Petition

for Writ of Habeas Corpus (docket. #1).

So ordered this 16th day of October, 2007.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

5