UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALVIN-EDWARD ANDERSON, JR.

        Petitioner,

v.                                      Case No. 1:07-cv-176

THOMAS K. BELL,                  Hon. Wendell A. Miles

        Respondent.
_____/

## ORDER

On October 16, 2007, the court entered an order adopting the Magistrate Judge's report and recommendation that Petitioner's petition for writ of habeas corpus be denied. This matter is now before the court on Petitioner's Motion for Reconsideration. For the following reasons, the court denies the motion.

Petitioner contends that in violation of Blakely v. Washington, 542 U.S. 296 (2004), the trial court determined facts when scoring and calculating his sentence, thereby increasing his sentencing guideline range from 24-50 months to 72-120 months. He relies on the dissent in People v. Harper, 739 N.W.2d 523, 479 Mich. 599 (2007) to support his argument.

The United States Supreme Court has held that " [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301, quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Petitioner pleaded guilty to third-degree criminal sexual assault and third-degree attempted criminal conduct. "Criminal sexual conduct in the third degree is a felony punishable by imprisonment for not

more than 15 years." MICH. COMP. LAWS § 750.520d(2). He is presently serving terms of incarceration of 120-180 months and 40-60 months. Accordingly, his sentence does not exceed the 15 year (180 months) maximum set by Michigan law. Because Petitioner's sentence is not "beyond the prescribed statutory maximum," it is not inconsistent with the holding in Blakely and does not violated Petitioner's constitutional rights.

The recent case of People v. Harper, cited by Petitioner, offers no support for his arguments. The Harper Court reaffirmed its holding in People v. Drohan, 715 NW2d 778, 791 (2006), that Michigan's indeterminate sentencing scheme is valid under Blakely. Harper, 739 N.W.2d at 532-33, 479 Mich. at 613-614. In a dissenting opinion, Justice Kelly concluded that Michigan's sentencing guidelines were applied unconstitutionally to petitioner Harper, based upon facts and circumstances not present in the instant case. See Harper, 739 NW2d at 550, 479 Mich. at 647.

For the foregoing reasons, the court DENIES Plaintiff's Motion for Reconsideration (docket #11).

So ordered this 10th day of December, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge